# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Gooseneck Incorporated, et al., | No. CV-21-08005-PCT-GMS |
| Plaintiffs, | **CASE MANAGEMENT ORDER** |
| v. |  |
| Inn Conspicuous LLC, et al., |  |
| Defendants. |  |

On April 30, 2021 a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Case Management Report. On the basis of the Case Management Conference and the Case Management Report,

**IT IS HEREBY ORDERED:**

1. Deadline for Initial Disclosures. Initial disclosures required by Federal Rule of Civil Procedure 26(a), were exchanged on April 23, 2021. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

2. Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3. Discovery Limitations. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. Each side

may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

    4.    <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact discovery, including discovery by subpoena shall be **December 10, 2021**.  To ensure compliance with this deadline, the following rules shall apply:

    a.    Initial written discovery requests and initial deposition notices pursuant to Rules 33 and 34 shall be served by **May 28, 2021**.[1]  In no case shall written discovery requests be served later than **45 days** before the discovery deadline.

    b.    Initial deposition notices pursuant to Rule 30 or 31 shall be served by **August 6, 2021**.  Deposition notices shall be noticed no later than **five working days** prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    c.    Notwithstanding Local Rule of Civil Procedure 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

    d.    Special Provisions Regarding Rule 34 Responses:  Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted.  Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time

---

[1] The written discovery requests and deposition notices deadline dates are considered to be soft deadlines and there is no need for the parties to seek an extension from the Court if the dates are not met.  The Court will nevertheless review compliance with the dates to determine whether the parties have been diligent in pursuing discovery pursuant to *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) should the parties request an extension of the Case Management Order deadlines.

specified in the response. An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

  e. Medical examinations pursuant to Fed. R. Civ. P. 35 shall be made not later than **October 15, 2021**.

 5. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

  a. The parties shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **January 14, 2022**.

  b. Rebuttal expert disclosures, if any, shall be made no later than **January 28, 2022**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

  c. Expert depositions shall be completed no later than **February 11, 2022**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

  d. Rebuttal expert depositions, if any, shall be completed no later than **February 25, 2022**.

  e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the expert will testify but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[2]

---

[2] In *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule

f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefore." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

g. Each side shall be limited to one retained or specially employed expert witness per issue.

6. Discovery Disputes or Motions for Sanctions.

a. The parties shall not file written discovery motions or motions for sanctions without leave of Court.[3] If a discovery dispute arises between the parties, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

b. Parties shall not contact the Court concerning a discovery dispute or motion for sanctions without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7. Deadline for Filing Dispositive Motions.

a. Dispositive motions shall be filed no later than **March 25, 2022**. Such

---

26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

[3] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

- 4 -

motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

      b. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call, from the Court.

      c. Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.

      d. Failure to respond to a motion within the time periods provided in Local Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil Procedure 7.2(I).

      e. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue a Minute Entry Order scheduling oral argument as it deems appropriate.

    8. <u>Briefing Requirements</u>.

      a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

      b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

    9. <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **March 18, 2022**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a Joint Report on Settlement Talks executed by or on behalf of all counsel. The Report shall inform the Court that good faith settlement talks have been held and shall

report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

10. <u>Deadline for Notice of Readiness for Pretrial Conference</u>.  The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure.  The Plaintiff(s) shall file and serve this notice **within seven (7) days** after the dispositive motion deadline if no dispositive motions are pending on that date.  If dispositive motions are pending, Plaintiff(s) shall file and serve such notice **within seven (7) days** after the resolution of dispositive motions.  The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference.  A firm trial date will be set at the Final Pretrial Conference.

11. <u>The Deadlines Are Real</u>.  **The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly.  Even if all parties stipulate to an extension, the Court will not extend the deadlines, absent good cause to do so.  The pendency of settlement discussions or the desire to schedule mediation does not constitute good cause, unless discovery is substantially complete, and the extension requested is minimal**.

Dated this 30th day of April, 2021.

_____
G. Murray Snow
Chief United States District Judge